FOR PUBLICATION

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

GILBERTO SANTILLAN, an individual,
*Plaintiff-Appellant*,

v.

USA WASTE OF CALIFORNIA, INC., a Delaware Corporation,
*Defendant-Appellee.*

No. 15-55238

D.C. No.
2:14-cv-00335-AB-JCG

OPINION

Appeal from the United States District Court
for the Central District of California
Andre Birotte, Jr., District Judge, Presiding

Argued and Submitted December 7, 2016
Pasadena, California

Filed April 7, 2017

Before: Harry Pregerson, Jacqueline H. Nguyen,
and John B. Owens, Circuit Judges.

Opinion by Judge Pregerson

## SUMMARY[*]

### Employment Discrimination

The panel reversed the district court's grant of summary judgment in favor of USA Waste of California, Inc. on Gilberto Santillan's wrongful termination claim under California law based on age discrimination and retaliation; affirmed the district court's denial of Santillan's request for leave to amend the complaint; and remanded for further proceedings.

The panel held that the district court erred in holding that Santillan failed to establish a *prima facie* age discrimination claim. The panel further held that USA Waste failed to rebut the presumption of unlawful discrimination because it did not offer a legitimate reason for firing Santillan when USA Waste's only proffered reason was Santillan's failure to provide proof of his legal right to work in the United States as required by the Immigration Reform and Control Act of 1986 (IRCA). Specifically, the panel held that IRCA exempted Santillan from the proof of employment eligibility that USA Waste demanded. The panel also held that making Santillan's reinstatement contingent upon such proof would violate California public policy.

The panel held that Santillan established a *prima facie* retaliation case and a presumption of unlawful retaliation. Specifically, the panel held that the district court erred in concluding that Santillan did not engage in protected activity

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

when he used an attorney to negotiate his reinstatement. The panel held that California public policy protected Santillan's right to representation by an attorney to negotiate the terms and conditions of employment. The panel further held that Santillan established a nexus between his termination and his protected activity where USA Waste fired Santillan because he was represented by his attorney at the settlement agreement negotiations.

Finally, the panel held that the district court did not abuse its discretion by denying Santillan's request for leave to amend the complaint. The panel held that Santillan failed to show he was diligent in seeking to amend the complaint because his request to amend came eight months after the deadline for making such a request.

**COUNSEL**

Holly Noelle Boyer (argued), and Andrew N. Chang, Esner Chang & Boyer, Pasadena, California; Louanne Masry and John C. Taylor, Taylor & Ring LLP, Los Angeles, California; for Plaintiff-Appellant.

Christopher J. Boman (argued), Fisher & Phillips LLP, Irvine, California; Kristen J. Nesbit, Fisher & Phillips LLP, Los Angeles, California; for Defendant-Appellee.

## OPINION

PREGERSON, Circuit Judge:

### INTRODUCTION

This case arises from a wrongful employment termination dispute between Gilberto Santillan, a 53-year-old garbage truck driver, and his employer of 32 years, USA Waste of California, Inc. ("USA Waste"). Santillan filed this action against USA Waste alleging a wrongful termination claim based on age discrimination and retaliation. The district court granted summary judgment in favor of USA Waste.

We have jurisdiction under 28 U.S.C. § 1291. We reverse. We hold that the district court erred by granting summary judgment in favor of USA Waste because (1) Santillan established a *prima facie* case under both his age discrimination and retaliation theories; and (2) USA Waste failed to introduce any evidence that it had a legitimate reason for firing him.

We also hold that the district court did not abuse its discretion when it denied Santillan's oral request for leave to amend the complaint eight months after the filing deadline.

### FACTUAL BACKGROUND

Gilberto Santillan started working for USA Waste as a residential garbage truck driver in 1979.[1] For 32 years, he serviced the community of Manhattan Beach, California.

---

[1] Unless otherwise indicated, this factual background contains facts that either are undisputed or USA Waste has conceded are immaterial and therefore do not foreclose summary judgment.

*Exemplary Employee*

In March 2011, USA Waste's garbage collection contract with the City of Manhattan Beach was up for renewal. In presenting its case to the Manhattan Beach City Council, USA Waste specifically highlighted Santillan's exemplary service to the community. After hearing from Manhattan Beach homeowners who praised Santillan's exemplary service to their community, the Manhattan Beach City Council renewed USA Waste's contract.

*December 5, 2011, Termination*

Santillan was rarely disciplined during his first 30 years at USA Waste. But this situation changed in January 2009, after USA Waste assigned Steve Kobzoff as Santillan's new Manhattan Beach route manager.

Between January 2009 and July 2010, Kobzoff attempted to discipline Santillan six times. The parties dispute whether these "write ups" violated the procedural protections afforded by USA Waste's collective bargaining agreement. USA Waste does not defend its termination of Santillan based on these six disputed write-ups.

On December 5, 2011, USA Waste fired Santillan for the first time. USA Waste contends that it fired Santillan then because he had four accidents in a 12-month period for which Kobzoff disciplined Santillan using the procedures required by USA Waste's collective bargaining agreement. Santillan disputes both that he had four accidents and that USA Waste followed the procedures required by the collective bargaining agreement.

Another employee, Janson Vartanian, replaced Santillan. At summary judgment, USA Waste submitted a declaration from its human resources employee Maria Diaz stating that the employee who replaced Santillan was "over 40 years of age" and had eleven years experience driving garbage trucks.

Santillan testified that he was one of five older Spanish-speaking employees fired or suspended once Kobzoff was assigned as USA Waste's Manhattan Beach route manager. Although Santillan could not recall the names of the four other Spanish-speaking employees, Kobzoff corroborated Santillan's statement by identifying Jesus Zamora and Rojilio Mejia as two such Spanish-speaking employees who were terminated.

*Public Outcry*

On December 7, 2011, pursuant to the collective bargaining agreement and with the assistance of his attorney, Santillan filed a formal grievance against USA Waste challenging his December 5, 2011, termination.

After Santillan's formal grievance was filed, USA Waste received hundreds of letters from Manhattan Beach homeowners who live in the area served by Santillan, demanding that USA Waste reinstate Santillan's employment. In their letters, the homeowners reminded USA Waste that it succeeded in securing the renewal of its important garbage collection contract with Manhattan Beach in March 2011, because the homeowners came out in droves to support Santillan, their "First Class" residential garbage truck driver.

The homeowners demanded that USA Waste reinstate Santillan because he "positively impacted every family on

[the] street," and was "extremely helpful," going above and beyond his responsibilities. One homeowner made it a point to introduce her sons to Santillan because he "works hard, and has a beautiful spirit and attitude," and "in terms of class and integrity and a radiant personality there is no one in the world who can hold a candle to Gilberto [Santillan]." In contrast, days after Santillan was fired, Manhattan Beach residents reported being frustrated finding their trash cans emptied at dusk and left "sitting in[] the street – creating a hazard to oncoming cars."

The homeowners' sentiments were published in a local newspaper, which also included a story from a homeowner whose son dressed up as Santillan for Halloween because he considers Santillan "a hero."

*The May 2012, Settlement Agreement*

On May 17, 2012, in the presence of USA Waste's attorney, Santillan's attorney, and a union representative, USA Waste and Santillan signed a "Settlement Agreement and Last Chance Agreement" ("Settlement Agreement"), in which USA Waste agreed to reinstate Santillan's employment if he passed the California Department of Transportation drug test and physical exam, a criminal background check, and "e-Verify."[2]  In exchange, Santillan agreed to dismiss the

---

[2] The term "e-Verify" was not defined in the Settlement Agreement. Our case law has described "e-Verify" as an "electronic verification system" that is "voluntary" under federal law and is used "to check the work-authorization status of employees through federal records." *Chicanos Por La Causa, Inc. v. Napolitano*, 558 F.3d 856, 860 (9th Cir. 2009), *aff'd, Chambers of Commerce of U.S. v. Whiting*, 563 U.S. 582 (2011).  USA Waste argues that this term meant Santillan agreed to abide by a regulation under the Immigration Reform and Control Act of 1986

December 7, 2011, grievance he filed against USA Waste.

*USA Waste Fails to Reinstate Santillan*

Santillan successfully completed the California Department of Transportation drug test, the physical exam, and the criminal background check.

In response, USA Waste's human resources employee Maria Diaz sent Santillan a letter informing him that his first day back at work would be July 16, 2012. The letter also told Santillian, "you will need to complete an I-9 form and show documentation of your right to work in the U.S." Diaz's letter to Santillan was written in English, even though USA Waste was aware that Santillan communicated in Spanish. The letter only included the fifth page of the employment eligibility verification Form I-9 ("Form I-9"), which was printed in English even though it was available in Spanish.[3]

Santillan reported to work on July 16, 2012, with his driver's license and social security card to complete the Form I-9. However, Diaz informed Santillan that he also needed a

---

("IRCA") addressing the documentation that *new employees* submit to show their authorization to work in the United States. However, the IRCA contains two provisions that, for the reasons discussed below, exempt Santillan from this requirement. *See discussion, infra*, Part II.B.1.

[3] The operative version of the Form I-9 was five pages when USA Waste fired Santillan on July 24, 2012. *See* Form I-9 Employment Eligibility Verification, OMB No. 1615-0047 (expired 08/31/12).

work authorization number and its expiration date. Santillan did not have that information with him. Diaz asked Santillan to bring that information to work the next day.[4]

On each of the following two days, Santillan attempted to provide the requested information by giving Diaz a letter with an identification number. According to Diaz, Santillan was unable to provide the expiration date and she could not complete electronic employment verification of his work authorization without the expiration date.

On the third day, Diaz sent Santillan home. Diaz testified that she "told him he couldn't work, and that we would be in contact." Six days later, on July 24, 2012, USA Waste sent a letter to Santillan informing him that USA Waste was firing him because he did not provide "proof of your legal right to work in the United States within three days of hire, as required by the Immigration Control and Reform Act of 1986, [sic][and] the Settlement Agreement."

## PROCEDURAL BACKGROUND

On December 4, 2013, Santillan filed a complaint against USA Waste in Los Angeles County Superior Court, alleging wrongful termination in violation of California public policy. Santillan advanced two different theories for this claim based on the violation of two different public policies: (1) age

---

[4] USA Waste argues that it needed Santillan's information within three days because the IRCA requires that an employer complete the verification of a new employee's work authorization status within the new employee's first three days of work. *See* 8 C.F.R. § 274a.2(b)(1)(ii). However, as discussed below, Santillan was exempt from this regulation because he was continuing his employment. *See discussion, infra*, Part II.B.1.

discrimination in violation of the public policy evinced in the Fair Employment and Housing Act ("FEHA"), Cal. Gov't Code § 12940[5]; and (2) that he was wrongfully terminated in retaliation for having an attorney represent him during the Settlement Agreement negotiations with USA Waste.[6] USA Waste removed this case to federal court.

On November 14, 2014, USA Waste filed a summary judgment motion. The district court held a hearing on January 12, 2015. At the summary judgment hearing, Santillan's attorney asked the court for leave to amend the complaint to add a breach of contract claim.

On January 16, 2015, the district court: (1) granted summary judgment in favor of USA Waste on Santillan's wrongful termination claim based on age discrimination, holding that Santillan failed to establish a *prima facie* case; (2) granted summary judgment in favor of USA Waste on Santillan's wrongful termination claim based on retaliation, holding that Santillan's failure to provide the documentation that USA Waste demanded in the three-day time frame it required was a "legitimate[], non-retaliatory reason for the

---

[5] It is an unlawful employment practice for an employer to discriminate against a person based on "race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, genetic information, marital status, sex, gender, gender identity, gender expression, age, sexual orientation, or military and veteran status." Cal. Gov't Code § 12940.

[6] Santillan also alleged the following claims: (1) failure to pay overtime, Cal. Lab. Code § 1194; (2) waiting time penalties, Cal. Lab. Code §§ 201–03; and (3) failure to provide meal and rest breaks, Cal. Lab. Code §§ 226.7, 512, 1174. However, Santillan later abandoned these claims during the hearing on USA Waste's summary judgment motion. These claims are not relevant to this appeal.

July 2012 termination;" and (3) denied Santillan's request for leave to amend.

Santillan timely appealed these rulings.

## JURISDICTION AND STANDARD OF REVIEW

We have jurisdiction under 28 U.S.C. § 1291. We review *de novo* a district court's grant of summary judgment. *Albino v. Baca*, 747 F.3d 1162, 1168 (9th Cir. 2014) (en banc). Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In our *de novo* review of the district court's summary judgment ruling, we view the evidence in the light most favorable to the non-moving party. *Albino*, 747 F.3d at 1168.

We review a district court's denial of leave to amend for abuse of discretion. *Crowley v. Bannister*, 734 F.3d 967, 977 (9th Cir. 2013).

## DISCUSSION

Santillan appeals the district court's (1) grant of summary judgment in favor of USA Waste on Santillan's wrongful termination claim under an age discrimination theory; (2) grant of summary judgment in favor of USA Waste on Santillan's wrongful termination claim based on retaliation for using an attorney; and (3) denial of Santillan's request for leave to amend the complaint.

## I.  *McDonnell Douglas*'s three-prong burden-shifting framework

In a non-mixed motive case such as this, a California wrongful termination claim in violation of public policy is analyzed under the three-prong burden-shifting framework from *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).  *See Diego v. Pilgrim United Church of Christ*, 231 Cal. App. 4th 913, 930 (Ct. App. 2014); *see also Earl v. Nielsen Media Research, Inc.*, 658 F.3d 1108, 1112, 1118 (9th Cir. 2011) (applying burden-shifting analysis to wrongful termination claim based on age discrimination in violation of FEHA and public policy).

Under the first prong of the *McDonnell Douglas* framework, Santillan must establish a *prima facie* case under either his age discrimination or retaliation theory.  *See Earl*, 658 F.3d at 1112; *Stegall v. Citadel Broad Co.*, 350 F.3d 1061, 1065–66 (9th Cir. 2003).  If Santillan establishes a *prima facie* case, there is a "presumption of discrimination." *Reid v. Google, Inc.*, 50 Cal. 4th 512, 520 n.2 (2010); *Yanowitz v. L'Oreal USA, Inc.*, 36 Cal. 4th 1028, 1042 (2005); *see also Nidds v. Schindler Elevator Corp.*, 113 F.3d 912, 917 (9th Cir. 1996).

Then, under the second prong, the burden of production shifts to USA Waste to rebut the presumption by producing admissible evidence that it had a legitimate, non-discriminatory reason for its adverse employment action.  *See Guz v. Bechtel Nat'l, Inc.*, 24 Cal. 4th 317, 355–56 (2000); *see also Earl*, 658 F.3d at 1112.

If USA Waste satisfies its burden, then, under the third prong, Santillan must show that the reason advanced by USA

Waste constitutes mere pretext, or he must produce other evidence of intentional discrimination. *Reid*, 50 Cal. 4th at 520 n.2; *see also Earl*, 658 F.3d at 1112; *Winarto v. Toshiba Am. Elecs. Components, Inc.*, 274 F.3d 1276, 1284 (9th Cir. 2001).

Finally, "the plaintiff in an employment discrimination action need produce very little evidence in order to overcome an employer's motion for summary judgment." *Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1207 (9th Cir. 2008) (quoting *Chuang v. Univ. of Cal. Davis, Bd. of Trs.*, 225 F.3d 1115, 1124 (9th Cir. 2000)).

## II.  We reverse summary judgment in favor of USA Waste on Santillan's age discrimination claim

The district court erred when it evaluated Santillan's age discrimination theory in a vacuum by not considering any events occurring before USA Waste fired Santillan for the first time on December 5, 2011.[7]  In analyzing Santillan's claim based on age discrimination, we will consider the facts leading up to and including Santillan's July 24, 2012, termination.

---

[7] In reviewing a FEHA claim, this court may rely on related federal cases interpreting the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621 *et seq*., and Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e *et seq*. *See Nidds*, 113 F.3d at 916.

**A.  The district court erred in holding that Santillan failed to establish a *prima facie* age discrimination case**

To state a *prima facie* age discrimination case under FEHA, Santillan must establish that: (1) he was a member of a protected class (*i.e.*, 40 years of age or older); (2) he was performing competently in the position he held; (3) he suffered an adverse employment action, such as termination; and (4) "some other circumstance that suggests discriminatory motive." *See Guz*, 24 Cal. 4th at 355.

The district court did not consider whether Santillan established the first three elements of a *prima facie* age discrimination case.  It is undisputed that he did, as Santillan: (1) was a member of a protected class (*i.e.*, 40 years of age or older) given that he was 53 years old; (2) was performing competently in the position he had; and (3) suffered an adverse employment action because USA Waste fired him.

The district court found that Santillan could not establish the fourth element: some other circumstance that suggests a discriminatory motive.  We disagree.  Evaluating the fourth element "with some flexibility," *Nidds*, 113 F.3d at 917, and construing the facts in the light most favorable to Santillan, we conclude that he established a *prima facie* age discrimination case.  Therefore, there is a presumption that USA Waste unlawfully discriminated against Santillan.  *See Reid*, 50 Cal. 4th. at 520 n.2; *see also Nidds*, 113 F.3d at 917.

Two pieces of evidence lead us to this conclusion.  First, Santillan testified that he was one of five older Spanish-speaking employees who were fired or suspended once Kobzoff was assigned as USA Waste's Manhattan Beach

route manager.**[8]** *See Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1281 (9th Cir. 2000) (holding that an employee established a *prima facie* age discrimination case because she was among a group of older employees that were terminated at a higher rate than younger employees). Santillan could not remember the other Spanish-speaking employees' names, but Kobzoff identified Jesus Zamora and Rojilio Mejia as two Spanish-speaking employees who were terminated. USA Waste identified no other supervisees of Kobzoff who were fired or suspended after Kobzoff became Santillan's route manager.

Second, there is a potential thirteen-year age gap between Santillan and his replacement, Vartanian, who also has 21 fewer years experience as a garbage truck driver.**[9]** *See*

---

**[8]** An employee's "albeit uncorroborated and self-serving" testimony is sufficient to establish a *prima facie* workplace discrimination case if a reasonable jury could infer discrimination from the employee's testimony. *Nigro v. Sears, Roebuck & Co.*, 784 F.3d 495, 498 (9th Cir. 2015) (holding that an employee's self-serving declaration and deposition testimony established a *prima facie* case of unlawful discrimination and created a genuine dispute of material fact whether the employer's reason for firing the employee was pretextual). This is because, "[w]hen judging the evidence at the summary judgment stage, the district court is not to make credibility determinations or weigh conflicting evidence, and is required to draw all inferences in a light most favorable to the nonmoving party." *Musick v. Burke*, 913 F.2d 1390, 1394 (9th Cir. 1990); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) ("The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor.").

**[9]** USA Waste's human resources employee Maria Diaz submitted a declaration in which she provided Santillan's and Vartanian's personal information obtained through USA Waste's computerized human resources records. Diaz provided detailed information about Santillan, such as his employment start date, pay rate, and home address. In

*Schechner v. KPIX-TV*, 686 F.3d 1018, 1023 (9th Cir. 2012) (holding that an employee can establish a *prima facie* age discrimination case with evidence that his or her replacement was substantially younger with equal or inferior qualifications); *see also France v. Johnson*, 795 F.3d 1170, 1174 (9th Cir. 2015) (age difference of ten years or more between a plaintiff and his or her replacement is presumptively substantial); *cf. Douglas v. Anderson*, 656 F.2d 528, 530, 533 (9th Cir. 1981) (replacing a 54-year-old bookstore manager with someone five years younger was sufficient to establish a *prima facie* case of age discrimination).

For the two reasons discussed above, the district court overlooked "the flexibility these cases require and erred in concluding that" Santillan failed to establish a *prima facie* age discrimination case. *Nidds*, 113 F.3d at 917. Because Santillan has established a *prima facie* age discrimination case, there is "a presumption that [USA Waste] unlawfully discriminated against [him]." *Id.* (citation omitted); *see also Reid*, 50 Cal. 4th at 520 n.2. Therefore, the burden shifts to USA Waste to rebut this presumption.

---

contrast, Diaz limited her description of Vartanian to the fact that he was "over forty years old" and had worked as a residential garbage truck driver for eleven years. That Diaz was aware of Vartanian's age but chose not to disclose more detail supports the inference that there exists a potentially *significant* age gap between Santillan and Vartanian.

**B. USA Waste failed to rebut the presumption of unlawful discrimination because it did not offer a legitimate reason for firing Santillan**

Under *McDonnell Douglas*'s second prong, USA Waste bore the burden to produce admissible evidence of a legitimate, non-discriminatory reason for firing Santillan. *Earl*, 658 F.3d at 1112. USA Waste's only proffered reason for firing Santillan in July 2012 was that his "reinstatement was contingent, in part, upon providing proof of [his] legal right to work in the United States within three days of hire, as required by the Immigration Control and Reform Act of 1986, [sic] [and] [the] Settlement Agreement."

However, USA Waste cannot rely on the IRCA or the Settlement Agreement to establish that it is entitled to summary judgment as a matter of law because, as explained below: (1) the IRCA exempts Santillan from the proof of employment eligibility that USA Waste demanded; and (2) making Santillan's reinstatement contingent upon such proof would violate California public policy.

**1. The IRCA does not require proof of employment eligibility from Santillan**

The IRCA requires employers review certain documents at the hiring stage to confirm that new employees hired after November 6, 1986, are authorized to work in the United States. *See* 8 U.S.C. § 1324a(a)(1)–(4). As part of this process, employers review certain documents specified by statute to attest to the new employee's employment eligibility on a Form I-9. *See id.* at § 1324a(b); 8 C.F.R. § 274a.2(b)(1)(i). An employer may not seek "more or different documents than are required under [the IRCA] or

refus[e] to honor documents tendered that on their face reasonably appear to be genuine," as doing so is an "unfair immigration-related employment practice." 8 U.S.C. § 1324b(a)(6); *see also Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1073 (9th Cir. 2004).

In contrast to the IRCA's mandate with respect to new employees, two different IRCA regulations exempt Santillan from providing the employment eligibility documents demanded by USA Waste. First, the IRCA exempts Santillan from having to provide proof of employment eligibility because he was "continuing in his . . . employment [after being] reinstated after disciplinary suspension for wrongful termination . . . resolved through reinstatement or settlement." 8 C.F.R. § 274a.2(b)(1)(viii)(A)(5).**[10]**

---

**[10]** The IRCA exemption provides in relevant part:

> (viii) An employee *will not* be deemed to have hired an individual for employment if the individual is *continuing in his* or her *employment* and has a reasonable expectation of employment at all times.

> (A) An individual is *continuing in his* or her *employment* in one of the following situations:

> . . .

> (5) *An individual is reinstated after disciplinary suspension for wrongful termination*, found unjustified by any court, arbitrator, or administrative body, or *otherwise resolved through reinstatement or settlement*[.]"

8 C.F.R. § 274a.2(b)(1)(viii)(A)(5) (emphasis added).

Second, a different IRCA "grandfather" provision exempts employees hired before November 7, 1986, from the employment eligibility verification requirements applicable at the hiring stage. *Maka v. I.N.S.*, 904 F.2d 1351, 1360 (9th Cir. 1990); *see also* 8 U.S.C. § 1324a(a)(4); 8 C.F.R. § 274a.7(a)(1). USA Waste hired Santillan in 1979, and even though he was fired in 2011, his reinstatement thereafter qualified him as a continuing employee, rather than a new employee. *See* 8 C.F.R. § 274a.2(b)(1)(viii)(A)(5). Thus, Santillan is exempt from the IRCA employment eligibility verification requirement under this IRCA provision as well.

USA Waste cites no authority to the contrary. Instead, it argues that "the law" required Santillan to provide in three days the employment eligibility documents that USA Waste demanded. But that is not what the law required, and an employer's incorrect view of the law is not a legitimate reason for firing an employee.

### 2. USA Waste could not make Santillan's reinstatement contingent on verification of his immigration status because doing so would violate California public policy

USA Waste alternatively argues that firing Santillan within three days of his reinstatement was permitted by the Settlement Agreement provision that required that he pass "e-Verify." However, a contractual provision that contravenes public policy, as expressed in a statute or implied from its language, is "either void or unenforceable." *Akopyan v. Wells Fargo Home Mortg., Inc.*, 215 Cal. App. 4th 120, 135–36 (Ct. App. 2013). USA Waste's interpretation of the Settlement Agreement would violate the public policy expressed in

several California statutes. Therefore, the e-Verify provision in the Settlement Agreement was unenforceable.

California provides that "[a]ll protections, rights, and *remedies* available under state law, except any reinstatement remedy prohibited by federal law,[11] *are available to all individuals regardless of immigration status* who have applied for employment, or who are or *who have been employed*, in this state." Cal. Lab. Code § 1171.5(a) (emphasis added);[12] *see also Incalza v. Fendi N. Am., Inc.*, 479 F.3d 1005, 1009 (9th Cir. 2007); *Salas v. Sierra Chem. Co.*, 59 Cal. 4th 407, 425–26 (2014).

California "statutes leave no room for doubt about this state's public policy with regard to the irrelevance of immigration status in enforcement of state labor, employment, civil rights, and employee housing laws." *Hernandez v. Paicius*, 109 Cal. App. 4th 452, 460 (Ct. App. 2003), *disapproved of on other grounds by People v. Freeman*, 47 Cal. 4th 993 (2010). Therefore, under California public policy, USA Waste could not make Santillan's reinstatement remedy contingent upon verification of his immigration status. *See Akopyan*, 215 Cal. App. 4th at 135–36 (disregarding an express contract term that was contrary to public policy).

---

[11] As discussed *supra* Part II.B.1., Santillan's reinstatement remedy is not prohibited by federal law because it was the result of the Settlement Agreement. *See* 8 C.F.R. § 274a.2(b)(1)(viii)(A)(5).

[12] *See also* Cal. Gov't Code § 7285 (same); Cal. Civ. Code § 3339(b) ("[N]o inquiry shall be permitted into a person's immigration status except where the person seeking to make this inquiry has shown by clear and convincing evidence that this inquiry is necessary in order to comply with federal immigration law.").

### C. USA Waste failed to meet its burden as to Santillan's claim based on age discrimination

Because neither the IRCA nor the Settlement Agreement justified firing Santillan, USA Waste failed to meet its burden to show it had a legitimate, nondiscriminatory reason for firing Santillan in July 2012. We therefore REVERSE the district court's grant of summary judgment on Santillan's wrongful termination claim arising from age discrimination.

## III.    We reverse summary judgment in favor of USA Waste on Santillan's retaliation claim

Santillan's alternative theory for his wrongful termination claim is that USA Waste fired him in July 2012, in retaliation for having an attorney represent him during the Settlement Agreement negotiations with USA Waste. California retaliation claims follow the same *McDonnell Douglas* burden-shifting framework as age discrimination claims. *Yanowitz*, 36 Cal. 4th at 1042; *Diego*, 231 Cal. App. 4th at 930.

### A. Santillan established a *prima facie* retaliation case and a presumption of unlawful retaliation

Santillan can establish a *prima facie* case of retaliatory wrongful termination in violation of public policy by showing that: (1) having an attorney represent him during the Settlement Agreement negotiations with USA Waste is activity protected by California public policy; and (2) there was a nexus between the public policy and his termination. *See Dep't of Fair Emp't & Hous. v. Lucent Techs., Inc.*, 642 F.3d 728, 749 (9th Cir. 2011). As with the age discrimination claim, if Santillan establishes a *prima facie*

retaliation case, there is a presumption that USA Waste unlawfully retaliated against him.  *See Reid*, 50 Cal. 4th at 520 n.2.

### 1. Santillan's use of an attorney is activity protected byCalifornia public policy

The district court concluded that Santillan did not engage in protected activity when he used an attorney to negotiate his reinstatement, reasoning that California public policy recognizes a right to an attorney only in the collective bargaining context.   This conclusion is incorrect.   For decades, California courts have recognized a wrongful termination claim based on the public policy reflected in California Labor Code Section 923[13] where an employer retaliates against an employee who has "designated an attorney to represent [him] for the purpose of negotiating the terms and conditions of employment."  *Montalvo v. Zamora*, 7 Cal. App. 3d 69, 75 (Ct. App. 1970) (recognizing wrongful termination where an employer fired workers shortly after their attorney sent a letter demanding a minimum wage). California courts have rejected the argument that such a claim "applies only to collective bargaining."  *Gelini v. Tishgart*, 77 Cal. App. 4th 219, 223 (Ct. App. 1999).   Because

---

[13] "[T]he public policy of this State is declared as follows: Negotiation of terms and conditions of labor should result from voluntary agreement between employer and employees. . . .   Therefore it is *necessary that the individual workman have full freedom of association*, self-organization, and *designation of representatives of his own choosing, to negotiate the terms and conditions of his employment, and that he shall be free from the interference, restraint, or coercion of employers of labor, or their agents*, in the designation of such representatives or in self-organization or in other concerted activities for the purpose of . . . *other mutual aid or protection*."  Cal. Lab. Code § 923 (emphasis added).

California public policy protects Santillan's right to representation by an attorney to negotiate the terms and conditions of employment, he engaged in protected activity when he was represented by an attorney during the Settlement Agreement negotiations.

> **2.  USA Waste fired Santillan because he was represented by his attorney at the Settlement Agreement negotiations**

Santillan also established a nexus between his termination in July 2012, and his protected activity because USA Waste fired him roughly two months after an attorney represented him during the Settlement Agreement negotiations with USA Waste.  "The causal link between a protected activity and the alleged retaliatory action 'can be inferred from timing alone' when there is a close proximity between the two." *Thomas v. City of Beaverton*, 379 F.3d 802, 812 (9th Cir. 2004); *see also Nidds*, 113 F.3d at 919 (holding that a *prima facie* case was established where employee's "layoff occurred only four months after" he first engaged in protected activity by filing a complaint and "only one month after he filed his second complaint"); *Flait v. N. Am. Watch Corp.*, 3 Cal. App. 4th 467, 478 (Ct. App. 1992) (finding nexus established where employee "was terminated only a few months after" he engaged in protected activity).

We hold that Santillan established a *prima facie* retaliation case, which in turn gives rise to a presumption of unlawful retaliation.

**B.  The district court erred in holding that USA Waste provided a legitimate reason for firing Santillan**

As discussed *supra* in Part II.B., USA Waste cannot rebut the presumption that it retaliated against Santillan by relying on the IRCA's employment eligibility verification requirements for new employees or the Settlement Agreement as a legitimate reason for firing Santillan.  These reasons for firing Santillan are not legitimate because (1) the IRCA exempts Santillan from these requirements since he was continuing his employment with USA Waste because he was reinstated as a result of a settlement, and (2) USA Waste could not make Santillan's reinstatement contingent upon verification of his immigration status because doing so would violate California public policy.  *See discussion supra* Part II.B.

**C.  USA Waste failed to meet its burden as to Santillan's claim based on retaliation discrimination**

For the foregoing reasons, we REVERSE the district court's grant of summary judgment in favor of USA Waste on Santillan's wrongful termination claim based on retaliation.

**IV.     The district court did not abuse its discretion by denying Santillan's request for leave to amend the complaint**

At the summary judgment hearing, Santillan's attorney orally requested leave to amend the complaint to add a breach of contract claim.

Santillan failed to show that he was diligent in seeking to amend the complaint, as his request for leave to amend came eight months after the deadline for making such a request. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) ("If [the moving] party was not diligent, the inquiry should end."). Morever, Santillan failed to show good cause for modifying the previously issued scheduling order. *See* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent.").

We therefore conclude that the district court did not abuse its discretion by denying Santillan's request for leave to amend the complaint.

## CONCLUSIONS

In sum, we REVERSE the district court's grant of summary judgment in favor of USA Waste on Santillan's wrongful termination claim based on age discrimination and retaliation and REMAND for further proceedings consistent with this opinion.[14]

We AFFIRM the district court's denial of Santillan's request for leave to amend the complaint.

---

[14] We leave to the district court to determine on remand whether triable issues of fact remain that would preclude a grant of summary judgment in favor of Santillan. *See Albino*, 747 F.3d at 1176–77 (reversing summary judgment for defendant and remanding with instructions to enter summary judgment for plaintiff); *Portsmouth Square, Inc. v. S'holders Protective Comm.*, 770 F.2d 866, 869 (9th Cir. 1985); *Cool Fuel, Inc. v. Connett*, 685 F.2d 309, 311 (9th Cir. 1982); *see also* Fed. R. Civ. P. 56(f).

Costs shall be taxed against Defendant-Appellee USA Waste of California, Inc.

**REVERSED IN PART, AFFIRMED IN PART, and REMANDED.**