**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHADRICK WILLIE ROY, | No. 16-15169 |
| Plaintiff-Appellant, | D.C. No. 3:15-cv-02672-TEH |
| v. | |
| CONTRA COSTA COUNTY, a municipal corporation; DAVID O. LIVINGSTON, Sheriff, individually and in his official capacity; CONTRA COSTA COUNTY SHERIFF'S OFFICE; CITY OF CONCORD; GUY SWANGER, City of Concord Police Chief, individually and in his official capacity, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Thelton E. Henderson, District Judge, Presiding

Submitted July 10, 2017[**]
San Francisco, California

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before:  BEA and N.R. SMITH, Circuit Judges, and LYNN,[***] Chief District Judge.

Chadrick Willie Roy appeals from the district court's judgment dismissing his 42 U.S.C. § 1983 action arising from his arrest and subsequent detention by the City of Concord and Contra Costa County.  The district court determined that Roy's amended complaint failed to state a claim and dismissed it pursuant to Federal Rule of Civil Procedure 12(b)(6).

We have jurisdiction under 28 U.S.C. § 1291.  We review de novo the district court's decision to grant a motion to dismiss under Rule 12(b)(6).  *Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1014 (9th Cir. 2012).  The district court's denial of leave to amend is reviewed for abuse of discretion.  *Santillan v. USA Waste of Cal., Inc.*, 853 F.3d 1035, 1042 (9th Cir. 2017).

The district court properly concluded that Roy's Fourth Amendment, Fourteenth Amendment, and failure to train claims did not state a claim of municipal liability under *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978).  Roy's first amended complaint alleges that his arrest lacked probable cause and that the conditions of his confinement were unconstitutional.  Roy has not alleged anything that suggests a link to any City or

---

[***] The Honorable Barbara M. G. Lynn, Chief United States District Judge for the Northern District of Texas, sitting by designation.

County policy to arrest individuals without probable cause or to violate their constitutional rights while in custody, or failure to have a policy to train employees with respect to such rights.

In dismissing Roy's original complaint, the district court provided clear and specific instructions on what was required to plead his federal claims properly. After Roy had already failed to cure the deficiencies in his complaint, the district court did not abuse its discretion in denying Roy's request to amend his first amended complaint. *See Cervantes v. Countrywide Home Loans, Inc*., 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and explaining that a court may deny leave to amend where proposed amendments would be futile).

Roy argues that in dismissing his claims, the district court erroneously judicially noticed documents without converting the motions to dismiss to summary judgment motions under Federal Rule of Civil Procedure 56. Because Roy did not object to the documents in the trial court, he has waived this argument for appeal. *See Marbled Murrelet v. Babbit*, 83 F.3d 1060, 1066 (9th Cir. 1996) ("By failing to object to evidence at trial and request a ruling on such an objection, a party waives the right to raise admissibility issues on appeal.").

Roy's motion for judicial notice in this Court, to have this Court consider documents not before the trial court, is denied. *See Lowry v. Barnhart*, 329 F.3d 1019, 1024 (9th Cir. 2003).

**AFFIRMED**.