NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 23 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ELLA W. HORN, | Nos. 18-16380 |
| Plaintiff-Appellant, | 18-16660 |
| v. | D.C. No. 5:17-cv-02192-NC |
| CRC HEALTH GROUP, INC., | MEMORANDUM* |
| Defendant-Appellee. | |

Appeals from the United States District Court
for the Northern District of California
Nathanael M. Cousins, Magistrate Judge, Presiding**

Submitted April 17, 2019***

Before:    McKEOWN, BYBEE, and OWENS, Circuit Judges.

In these consolidated appeals, Ella W. Horn appeals pro se from the district

court's summary judgment in her employment action alleging violations of Title

VII and California law.  We have jurisdiction under 28 U.S.C. § 1291.  We review

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The parties consented to proceed before a magistrate judge.  *See* 28 U.S.C. § 636(c).

\*\*\*       The panel unanimously concludes these cases are suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

de novo. *Manatt v. Bank of Am., NA*, 339 F.3d 792, 796 (9th Cir. 2003). We may affirm on any basis supported by the record, *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008), and we affirm.

The district court properly granted summary judgment on Horn's race discrimination and wrongful termination claims because Horn failed to raise a genuine dispute of material fact as to whether defendant's legitimate, nondiscriminatory reasons for terminating her employment were pretextual. *See Bergene v. Salt River Project Agric. Improvement & Power Dist.*, 272 F.3d 1136, 1140 (9th Cir. 2001) (setting forth *McDonell Douglas* burden-shifting framework; requirements for prima facie case of discrimination); *Wallis v. J.R. Simplot Co.*, 26 F.3d 885, 890 (9th Cir. 1994) ("In response to the defendant's offer of nondiscriminatory reasons, the plaintiff must produce specific, substantial evidence of pretext." (citation and internal quotation marks omitted)); *see also Merrick v. Hilton Worldwide, Inc.*, 867 F.3d 1139, 1145 (9th Cir. 2017) (*McDonnell Douglas* framework applies to disparate treatment claims under California Fair Employment and Housing Act); *Santillan v. USA Waste of Cal., Inc.*, 853 F.3d 1035, 1042 (9th Cir. 2017) (*McDonell Douglas* framework applies to California wrongful termination claim).

The district court properly granted summary judgment on Horn's claim alleging failure to prevent sexual harassment because Horn failed to raise a triable

dispute as to whether the alleged conduct was sufficiently severe and pervasive to alter the conditions of her employment. *See Vasquez v. County of Los Angeles*, 349 F.3d 634, 642-44 (9th Cir. 2004) (discussing requirements for a sex discrimination claim based on harassment); *Featherstone v. S. Cal. Permanente Med. Grp.*, 217 Cal. Rptr. 3d 258, 272-73 (Ct. App. 2017) ("Where . . . a plaintiff cannot establish a claim for discrimination, the employer as a matter of law cannot be held responsible for failing to prevent same[.]"); *cf. Faragher v. City of Boca Raton*, 524 U.S. 775, 788-89 (1998) (discussing employer's liability for a discriminatory environment "that is otherwise actionably abusive").

The district court properly granted summary judgment on Horn's negligent infliction of emotional distress claim because Horn failed to raise a triable dispute as to whether defendant breached a legal duty owed to her. *See Marlene F. v. Affiliated Psychiatric Med. Clinic, Inc.*, 770 P.2d 278, 281 (Cal. 1989) (elements of a negligent infliction of emotional distress claim).

Summary judgment on Horn's retaliation claim was proper because Horn failed to establish a prima facie case of retaliation. *See Bergene*, 272 F.3d at 1140-41 (requirements for prima facie case of retaliation).

The district court did not abuse its discretion by denying Horn's opposition to the bill of costs because Horn failed to overcome the presumption in favor of an award of costs to the prevailing party. *See Save Our Valley v. Sound Transit*, 335

F.3d 932, 944-46, 944 n.12 (setting forth standard of review and discussing district court's consideration of factors that would justify a refusal to award costs).

We reject as without merit Horn's contentions regarding discovery violations and judicial bias.

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

All pending motions and requests are denied, including Horn's request, set forth in the reply brief, to strike the answering brief or sanction defendant.

**AFFIRMED.**

18-16380