**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

GREGG S. BOSNAK,

          Plaintiff-Appellant,

v.

CITY AND COUNTY OF SAN
FRANCISCO; LAGUNA HONDA
HOSPITAL AND REHABILITATION
CENTER; EDWARD SHIELS; STEVEN
KONEFFKLATT,

          Defendants-Appellees.

No.   17-17321

D.C. No. 3:14-cv-01429-MEJ

MEMORANDUM*

Appeal from the United States District Court
for the Northern District of California
Maria-Elena James, Magistrate Judge, Presiding

Argued and Submitted February 13, 2019
San Francisco, California

Before: SCHROEDER, O'SCANNLAIN, and RAWLINSON, Circuit Judges.

Gregg S. Bosnak (Bosnak) appeals from the district court's summary

judgment in favor of Defendants-Appellees on his claims alleging racial and

---

       *     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

associational discrimination and retaliation, and denial of equal protection.[1]  We

review *de novo*.  *See Hardie v. Nat'l Collegiate Athletic Ass'n*, 876 F.3d 312, 318

(9th Cir. 2017), *as amended*.

The district court properly granted summary judgment on Bosnak's claims

under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a), 42 U.S.C.

§ 1981, and the California Fair Employment and Housing Act (FEHA), California

Government Code § 12940, as Bosnak failed to make a sufficient showing of

pretext[2] to raise a genuine issue of material fact regarding the existence of

discrimination or retaliation.  *See Anthoine v. N. Cent. Ctys. Consortium*, 605 F.3d

740, 753 (9th Cir. 2010) (requiring "specific and substantial" evidence to raise a

triable issue of fact that the non-discriminatory or non-retaliatory reasons offered

by the employer were pretextual).  The record supports the district court's

conclusion that the adverse employment actions stemmed from Bosnak's

"unacceptable behavior" rather than from his race.

---

[1]At oral argument, Bosnak abandoned the appeal of his due process claims.

[2] *See Campbell v. Hawaii Dep't of Educ.*, 892 F.3d 1005, 1012 (9th Cir. 2018) (describing the burden-shifting framework for Title VII discrimination cases as articulated in *McDonnell Douglas v. Green,* 411 U.S. 792, 802 (1973)); *Santillan v. USA Waste of California, Inc.*, 853 F.3d 1035, 1043 n.7 (9th Cir. 2017) (applying the *McDonnell Douglas* framework to claims brought under the FEHA); *Surrell v. Cal. Water Serv. Co.*, 518 F.3d 1097, 1103, 1105-06 (9th Cir. 2008) (applying the *McDonnell Douglas* framework to § 1981 claims).

The district court properly granted summary judgment on Bosnak's equal protection claim under 42 U.S.C. § 1983. *See id.* at 753-54. To establish a § 1983 equal protection violation, a plaintiff must show that the defendant, acting under color of state law, discriminated against him as a member of an identifiable class, "and that the discrimination was intentional." *FDIC v. Henderson*, 940 F.2d 465, 471 (9th Cir. 1991) (citations omitted). Bosnak failed to raise a triable issue of fact that the City and County of San Francisco discriminated against him as a member of an identifiable class. *See Anthoine*, 605 F.3d at 753-54 (applying the *McDonnell-Douglas* framework to an equal protection claim); *see also FDIC*, 940 F.2d at 472 n.14 (noting "that a plaintiff who fails to establish intentional discrimination for purposes of Title VII also fails to establish intentional discrimination for purposes of § 1983") (citations and alteration omitted).

Bosnak's strongest assertion of intentional discrimination was the fact that "there were no or very few Caucasians working in the department and a very high percentage of . . . persons of Asian descent." But that assertion fails to raise a material issue of fact regarding *intentional* discrimination. *See Palmer v. United States*, 794 F.2d 534, 539 (9th Cir. 1986) (explaining that employment numbers "standing alone" are insufficient to establish intentional discrimination).

Bosnak's contentions regarding municipal liability fail due to the absence of any acts of discrimination. *See Yousefian v. City of Glendale*, 779 F.3d 1010, 1016 (9th Cir. 2015) (concluding that because plaintiff's § 1983 claims failed, "his municipal liability claim also necessarily fails").

**AFFIRMED.**