**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RUSTICO SIAZON, | No. 19-15757 |
| Plaintiff-Appellant, | D.C. No. 3:17-cv-05935-EMC |
| v. | |
| THE HERTZ CORPORATION, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Edward M. Chen, District Judge, Presiding

Submitted March 9, 2021[**]
San Francisco, California

Before: McKEOWN, IKUTA, and BRESS, Circuit Judges.

Rustico Siazon sued his former employer, The Hertz Corporation, for age

discrimination, retaliation, defamation, and related wrongs stemming from his

2015 termination. Siazon now appeals the district court's grant of summary

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

judgment in favor of Hertz.  We have jurisdiction under 28 U.S.C. § 1291 and review the grant of summary judgment de novo.  *Rene v. MGM Grand Hotel, Inc.*, 305 F.3d 1061, 1064 (9th Cir. 2002) (en banc).  We affirm.

1.  Age discrimination claims under California's Fair Employment and Housing Act (FEHA) are analyzed under the *McDonnell Douglas* three-step burden-shifting framework.  Cal. Gov't Code § 12940; *see Guz v. Bechtel Nat'l Inc.*, 24 Cal. 4th 317, 353–54 (2000).  At step one, like the district court, we assume that Siazon provided sufficient evidence for a prima facie case of age discrimination.  At step two, we agree that Hertz proffered a legitimate, non-discriminatory reason to terminate Siazon based on his lengthy disciplinary record.  Since Siazon started at Hertz's payroll department, he amassed several warnings and disciplinary citations for non-compliance with the company's policies and rules.  His poor performance culminated with his placement in a Performance Improvement Plan (PIP) in 2015, which he failed to complete.  *Aragon v. Republic Silver State Disposal Inc.*, 292 F.3d 654, 661 (9th Cir. 2002) (holding that poor job performance qualifies as a legitimate, non-discriminatory reason for termination).

At step three, Siazon failed to raise a triable issue of fact that Hertz's legitimate, non-discriminatory reason was pretextual.  *See Earl v. Nielsen Media Rsch., Inc.*, 658 F.3d 1108, 1112–13 (9th Cir. 2011).  The single statement by a

Hertz investigator, Jaimie Tison, that nothing in Siazon's personnel record "indicated poor performance as a whole," does not raise a triable issue, because Tison's statement concerned a post-termination merit increase investigation for 2013 and 2014, without the benefit of Siazon's full personnel file. The record as a whole indicates that Siazon received at least nine additional disciplinary warnings in Siazon's last five years at Hertz, which were not reviewed by Tison and not disputed by Siazon. Therefore, Tison's statement as to whether there was sufficient evidence in 2013 and 2014 to justify withholding a merit increase during those years does not raise a triable issue as to whether Hertz's subsequent discipline and termination of Siazon in 2015 was pretextual. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

Nor is there a triable issue of fact supporting Siazon's disparate treatment argument. Siazon's younger co-workers—whom he alleges received preferential treatment—are not similarly situated because no evidence shows they had a history of similar performance issues. *See Earl*, 658 F.3d at 1113–14. Siazon also has not identified a triable issue of fact that Hertz was motivated to replace him with a younger employee, because the person he claims was hired to replace him started working for Hertz six months before Siazon's termination and simply expanded her existing duties to encompass Siazon's prior responsibilities. Because Siazon

3

fails to identify any triable issue of fact regarding pretext, this claim fails. *Guz*, 24 Cal. 4th at 362.

2.  We also analyze FEHA retaliation claims under the *McDonnell Douglas* framework. *Santillan v. USA Waste*, 853 F.3d 1035, 1046 (9th Cir. 2017); *see* Cal. Gov't Code § 12940(h). At step one, Siazon fails to make a prima facie case for retaliation, because none of his complaints refer to protected activities. His 2013 and 2014 complaints of intimidation and harassment merely amount to "personal grievances" against his supervisors, not complaints alleging age-based or discrimination prohibited under FEHA. *Yanowitz v. L'Oreal USA, Inc.*, 36 Cal. 4th 1028, 1043, 1046–47 (2005).[1] Moreover, insufficient evidence exists to support a causal link between Siazon's complaints in 2013 and 2014 and his later termination in October 2015. *See, e.g.*, *Vasquez v. Cnty. of Los Angeles*, 349 F.3d 634, 646 (9th Cir. 2003) (finding no causal link when protected activity occurred 13 months before the adverse action). Siazon likewise fails to show a prima facie causal link between his complaints and his April 2015 reprimand, which was based on a failure to follow a specific instruction to deliver attendance records to his supervisor—nothing more. Because Siazon's FEHA retaliation claim fails at step

---

[1] Nor does Siazon contest the district court's determination that Siazon's counsel "conceded that he never complained to Hertz about age discrimination."

one, we do not reach the second and third steps.

3.      Under the *McDonnell Douglas* framework used by the district court, Siazon's whistleblower retaliation claim under Section 1102.5 of the California Labor Code fails at step one.  Siazon's internal complaints fall outside the scope of Section 1102.5(b) as a matter of law, because Section 1102.5(b) extends only to disclosures of alleged illegality and not to internal personnel matters.  *See* Cal. Lab. Code § 1102.5(b);  *Patten v. Grant Joint Union High Sch. Dist.*, 134 Cal. App. 4th 1378, 1384–85 (2005) (explaining that disclosure of internal personnel matters does not amount to "whistleblowing").  Nor did Siazon adduce any evidence of a causal link between Siazon's November 19, 2015 complaint to the Division of Labor Standards Enforcement (DLSE) for waiting-time penalties for his final paycheck and his termination or failure to be rehired.  *Patten*, 134 Cal. App. 4th at 1384.[2]

4.      Defamation claims under California law require publication of a

---

[2] Although a split in authority exists as to whether the *McDonnell Douglas* framework or the evidentiary standard set forth in Section 1102.6 of the California Labor Code should apply to retaliation claims under Section 1102.5(b), *see Lawson v. PPG Architectural Finishes, Inc.*, 982 F.3d 752, 755–58 (9th Cir. 2020), the difference is immaterial here.  Summary judgment is also appropriate under the Section 1102.6 framework, because Siazon failed to meet his initial burden to raise a triable issue that he engaged in an activity protected by Section 1102.5(b) or that a causal link existed between the DLSE complaint and any proscribed action.

statement of fact that is unprivileged, among other things. *Taus v. Loftus*, 40 Cal.

4th 683, 720 (2007) (elements of defamation claim); Cal. Civ. Code §§ 44–47.

Hertz met its initial burden of showing that the allegedly defamatory statements

were made on a privileged occasion under the common-interest privilege, because

Hertz generated the disciplinary warnings and PIP in furtherance of the

employment relationship between Siazon and Hertz. *See SDV/ACCI, Inc. v. AT &

T Corp.*, 522 F.3d 955, 961 (9th Cir. 2008); *McGrory v. Applied Signal Tech., Inc.*,

212 Cal. App. 4th 1510, 1538 (2013). Siazon failed to meet his burden to identify

a triable issue of fact as to Hertz's malice or lack of good faith belief in the truth of

the allegedly defamatory statements, *see SDV/ACCI, Inc.*, 522 F.3d at 962–64,

because Siazon did not raise any argument on the common-interest privilege in

opposition to the motion for summary judgment in the district court. We decline to

consider an argument raised for the first time on appeal. *See Yamada v. Nobel

Biocare Holding AG*, 825 F.3d 536, 543 (9th Cir. 2016). In any event, the internal

emails and disciplinary actions identified by Siazon on appeal do not create triable

issues of fact regarding malice or lack of good faith belief, because they show only

internal deliberations about Siazon's performance and the required procedures for

Siazon to be disciplined for inadequate performance.

      5.     We also affirm the district court's entry of summary judgment on

Siazon's remaining claims either because Siazon failed to oppose Hertz's motion for summary judgment on those claims or because such claims are essentially derivative claims disposed of by the rulings on the claims addressed above. Siazon's argument regarding punitive damages is therefore moot.

**AFFIRMED.**