**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

MAR 10 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| SEAN LEONARD; MEL MENDIETA,<br><br>    Plaintiffs-Appellants,<br><br>  v.<br><br>FEDEX FREIGHT, INC.,<br><br>    Defendant-Appellee. | No.    22-15970<br><br>D.C. No.<br>2:19-cv-00042-MCE-KJN<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Jr., District Judge, Presiding

Submitted March 8, 2023[**]
San Francisco, California

Before:  FRIEDLAND and R. NELSON, Circuit Judges, and CARDONE,[***] District Judge.

Plaintiffs Sean Leonard and Mel Mendieta allege that FedEx Freight

violated Section 923 of the California Labor Code, and California's Unfair

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

    [***]    The Honorable Kathleen Cardone, United States District Judge for the Western District of Texas, sitting by designation.

Competition Law, when it retaliated against them and the other drivers in their collective bargaining unit for designating Teamsters Local 439 to negotiate the terms and conditions of their employment. Plaintiffs appeal from the district court's order granting judgment on the pleadings on these claims for lack of subject matter jurisdiction. We affirm.

The district court did not err in holding that Plaintiffs' claims against FedEx Freight are preempted by the National Labor Relations Act ("NLRA") under *San Diego Building Trades Council, Millmen's Union, Local 2020 v. Garmon*, 359 U.S. 236 (1959), and its progeny. The NLRA arguably prohibited FedEx Freight's allegedly unlawful conduct because Plaintiffs' allegations of retaliation for unionizing, if proven true, would describe a "textbook NLRA violation." *Moreno v. UtiliQuest, LLC*, 29 F.4th 567, 574 (9th Cir. 2022); *see Arc Bridges, Inc. v. N.L.R.B.*, 861 F.3d 193, 196–97 (D.C. Cir. 2017); *UPS Supply Chain Sols., Inc.*, 364 N.L.R.B. 8, 2016 WL 3014415, at *3 (N.L.R.B. 2016) (citing *N.L.R.B. v. Katz*, 369 U.S. 736, 743 (1962)).

The fact that the National Labor Relations Board ("NLRB") dismissed an unfair labor charge based on the same conduct does not preclude *Garmon* preemption: That dismissal was for lack of evidence, not because the type of conduct alleged was not covered by the NLRA. *See Hanna Mining Co. v. Dist. 2, Marine Eng'rs Beneficial Ass'n*, 382 U.S. 181, 190–92 (1965). In arguing that

Plaintiffs' claims are preempted by *Garmon*, FedEx Freight "advance[d] an interpretation of the [NLRA] that is not plainly contrary to its language and that has not been authoritatively rejected by the courts or the Board," and it "put forth enough evidence," including a "legal showing," "to enable the court to find that the Board reasonably could uphold a claim based on such an interpretation." *Int'l Longshoremen's Ass'n v. Davis*, 476 U.S. 380, 395, 398 (1986) (quotation marks omitted); *see also Idaho Bldg. and Constr. Trades Council v. Inland Pac. Chapter of Associated Builders & Contractors, Inc.*, 801 F.3d 950, 965 (9th Cir. 2015) (concluding that the party claiming preemption met its burden under *Davis* by citing relevant precedent).

The local interest exception to *Garmon* preemption is inapplicable. That exception does not "extend to local interests *in labor policy*," *Idaho Bldg.*, 801 F.3d at 966 (emphasis in original), and although Section 923 of the California Labor Code protects workers' individual rights as well as their collective rights, *see Montalvo v. Zamora*, 86 Cal. Rptr. 401, 404 (Cal. Ct. App. 1970), applying it to Plaintiffs' concerted union activity would amount to an exercise of local labor policy. The availability of punitive damages in a state law action does not alone create a local interest sufficient to avoid *Garmon* preemption. *See Garmon*, 359 U.S. at 247; *Local 926, Int'l Union of Operating Eng'rs v. Jones*, 460 U.S. 669, 684 (1983).

Moreover, the controversy presented in the state law claims is functionally identical to that which was presented to the NLRB: A showing of causation in Plaintiffs' state law claims would necessarily demonstrate the anti-union animus required to prove unlawful discrimination under Section 8 of the NLRA. *See Santillan v. USA Waste of Cal., Inc.*, 853 F.3d 1035, 1047–48 (9th Cir. 2017); *Arc Bridges*, 861 F.3d at 195–96 (citing *Wright Line & Lamoureux*, 251 N.L.R.B. 1083 (N.L.R.B. 1980)). Adjudicating this state law action would therefore pose a significant "risk of interference with the unfair labor practice jurisdiction" of the agency. *Sears, Roebuck & Co. v. San Diego Cnty. Dist. Council of Carpenters*, 436 U.S. 180, 197 (1978).

**AFFIRMED.**