NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

AUG 21 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NINA FRENCH, | No. 17-35545 |
| Plaintiff-Appellant, | D.C. No. 2:15-cv-00859-JLR |
| v. | |
| | MEMORANDUM[*] |
| WASHINGTON STATE DEPARTMENT OF HEALTH, Public Health Laboratories; et al., | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
James L. Robart, District Judge, Presiding

Submitted August 15, 2018[**]

Before:      FARRIS, BYBEE, and N.R. SMITH, Circuit Judges.

Nina French, a former employee of the Washington State Department of

Health ("DOH"), appeals pro se from the district court's judgment dismissing her

action alleging violations of Title VII, the Age Discrimination in Employment Act

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("ADEA"), the Americans with Disabilities Act ("ADA"), the Whistleblower Protection Act ("WPA"), 42 U.S.C. § 1983, and state law. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 963 (9th Cir. 2018) (dismissal under Fed. R. Civ. P. 12(b)(1) and (6)); *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (dismissal under 28 U.S.C. § 1915(e)). We affirm.

The district court properly dismissed French's WPA claims for lack of subject matter jurisdiction because the WPA applies to only federal employees of executive agencies. *See* 5 U.S.C. § 2302(a)(2)(B)-(C) (the WPA applies only to federal employees in a "covered position" in an "executive agency").

The district court properly dismissed French's § 1983 claim against DOH for lack of subject matter jurisdiction because DOH is a state agency immune from suit under § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989) (§ 1983 does not override the states' Eleventh Amendment immunity from being sued in federal court). The district court properly dismissed French's § 1983 claim against the union defendant, the Washington Federation of State Employees ("WFSE"), because French failed to allege facts sufficient to show that WFSE acted under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988) ("To state a claim under § 1983, a plaintiff … must show that the alleged deprivation was committed by a person acting under color of state law.").

17-35545

The district court properly dismissed French's ADEA, ADA, and Title VII claims because French failed to allege facts sufficient to show that any defendant discriminated against her because of age, disability, or sex. *See Santillan v. USA Waste of Cal., Inc.*, 853 F.3d 1035, 1043 (9th Cir. 2017) (elements of ADEA claim); *Allen v. Pac. Bell*, 348 F.3d 1113, 1114 (9th Cir. 2003) (elements of ADA claim); *Rene v. MGM Grand Hotel, Inc.*, 305 F.3d 1061, 1074 (9th Cir. 2002) (en banc) ("[I]n order for harassment to be actionable [under Title VII] it has to be a type of discrimination 'because of' race, color, religion, sex, or national origin.").

The district court did not abuse its discretion in declining to exercise supplemental jurisdiction over the state law claims after dismissing all federal claims. *See* 28 U.S.C. § 1367(c)(3) (permitting district court to decline supplemental jurisdiction if it has "dismissed all claims over which it has original jurisdiction"); *Costanich v. Dep't of Soc. & Health Servs.*, 627 F.3d 1101, 1107 (9th Cir. 2010) (standard of review). We treat the dismissal of the state law claims as a dismissal without prejudice. *See Gini v. Las Vegas Metro. Police Dep't*, 40 F.3d 1041, 1046 (9th Cir. 1994) (dismissal based on declining supplemental jurisdiction should be without prejudice).

The district court did not abuse its discretion in denying French's motion for reconsideration because French failed to establish any grounds for such relief. *See Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th

Cir. 1993) (setting forth standard of review and grounds for relief under Fed. R. Civ. P. 59(e) or 60(b)).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**