NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 22 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CARL HAYNES, | No.  16-55698 |
| Plaintiff-Appellant, | D.C. No. 3:15-cv-01038-CAB-JLB |
| v. | |
| HOME DEPOT USA, INC.; DOES, 1-10, | MEMORANDUM* |
| Defendants-Appellees. | |

| | |
|---|---|
| RYAN MURPH; CARL HAYNES, | No.  16-55922 |
| Plaintiffs, | D.C. Nos. 3:15-cv-01037-CAB-JLB 3:15-cv-01038-CAB-JLB |
| and | |
| MIRCH LAW FIRM, LLP; et al., | |
| Appellants, | |
| v. | |
| HOME DEPOT USA, INC.; DOES, 1-10, | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Southern District of California
Cathy Ann Bencivengo, District Judge, Presiding

        *        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Argued and Submitted October 22, 2019
Pasadena, California

Before: KLEINFELD, PAEZ, and CALLAHAN, Circuit Judges.

This is a consolidated appeal. In No. 16-55698, Plaintiff-Appellant Carl Haynes ("Haynes") appeals the district court's grant of summary judgment; and in No. 16-55922, the Mirch Law Firm appeals a sanctions order. In No. 16-55698, we affirm in part, reverse in part, and remand for further proceedings. In No. 16-55922, we reverse in part, vacate in part, and remand for further proceedings.

Appeal No. 16-55698.

1. *Unpaid Wages.* Under California law, an employee is entitled to overtime wages unless a statutory exemption applies. Cal. Labor Code §§ 510, 515(a). Home Depot asserts that the managerial exemption applies to Haynes and therefore the district court correctly dismissed his overtime claim. *See Ramirez v. Yosemite Water Co., Inc.*, 20 Cal. 4th 785, 794–95 (1999).

At issue in this appeal is whether "[Haynes was] primarily engaged in duties that meet the test of the [managerial] exemption." *See In re United Parcel Serv. Wage & Hour Cases*, 190 Cal. App. 4th 1001, 1014 (2010) (citing 8 Cal. Code Regs. tit. 8, § 11090(1)(A)(1)). An employee is "primarily" engaged in exempt duties if the employee performed those duties "more than one-half the employee's work time." Cal. Code Regs. tit. 8, § 11070(2)(K) (defining "primarily").

Haynes presented evidence that he worked up to sixty hours per week. Thus, to prevail on summary judgment, Home Depot needed to show that Haynes indisputably spent more than thirty hours per week performing exempt tasks, which boils down to about six hours per day, assuming a five-day work week. Home Depot failed to make this showing. Home Depot asserts that Haynes spent twenty to thirty minutes per day verifying store bank and vault deposits; thirty minutes to two hours per day executing store price markdowns and inventory; ten to fifteen minutes per day reviewing subordinates' time slips; one to one-and-a-half hours per day ensuring smooth store operation; fifteen to thirty minutes per day reviewing business metrics and reports; and two to three hours on Mondays[1] in management meetings. Even at the high end, Haynes spent just over five hours and twenty minutes per day conducting managerial tasks.[2] This falls short by about forty minutes of showing that Haynes met the exemption.

Home Depot also argues that Haynes is an exempt employee because he "did not dispute" during his deposition that he performed tasks listed on an assistant manager job description sheet. Haynes adequately disputes that Home

---

[1] In a five-day work week, this averages out to about twenty-four to thirty-six minutes per day.

[2] Home Depot also asserts that Haynes spent two to three hours a day opening or closing the store yet does not explain how often Haynes did so—an important omission given that Home Depot acknowledges that nine other individuals could also perform this task.

Depot adhered to its on-paper expectations of him, however. He also stated in his declaration that because Home Depot laid off hourly employees during the last three to four years of his employment, he inherited additional non-exempt work. Some of those tasks included assisting customers, loading customers' vehicles, cleaning the store (including the bathroom), unloading freight, processing the trash, stocking and organizing shelves, building displays, and pulling in carts from the parking lot.

Because a reasonable factfinder could find that Haynes did not "primarily" perform exempt tasks, we reverse and remand for further proceedings consistent with this disposition.

2. *Age Discrimination in Violation of FEHA.* FEHA prohibits an employer from terminating an employee on the basis of age. Cal. Gov't Code § 12940. An employee, however, must file a charge of unlawful age discrimination with the Department of Fair Employment and Housing within one year of the alleged unlawful employment discrimination. Cal. Gov't Code § 12960(d). That one-year period may be extended by ninety days if the employee "first obtained knowledge of the facts" of the age discrimination after the one-year expiration date. *Id.* § 12960(d)(1). Failing to comply with the timing requirements bars the plaintiff from filing suit. *Id.* § 12965(b); *Jumaane v. City of Los Angeles*, 241 Cal. App. 4th 1390, 1400 (Ct. App. 2015).

Haynes filed after the one-year deadline but argues that he satisfied the ninety-day extension. He maintains that he did not know he was terminated for his age until he met with an attorney during the ninety-day grace period and learned that "many other" assistant managers over forty were terminated. Haynes did not testify that he *knew* he was being discriminated against during the one-year limitations period or that assistant managers over forty were being targeted and terminated. In his deposition, Haynes testified that he thought, concluded, and had the opinion that the new supervisor was getting rid of him because of his age, but he did not testify that he knew it from any remarks or other cognizable evidence. His then unsupported opinion became knowledge when he learned of the pattern of age discriminatory terminations from his attorney. A potential pattern of discrimination against similarly situated employees constitutes "facts" that inform Haynes's own discharge. *See Nidds v. Schindler Elevator Corp.*, 113 F.3d 912, 917 (9th Cir. 1996). Discovering this pattern may elevate a speculation or belief into a plausible claim. *See Yanowitz v. L'Oreal USA, Inc.*, 36 Cal. 4th 1028, 1058 (2005) (reasoning that a plaintiff who "may not yet recognize [what is] part of a pattern of [discrimination]" should not be required to file suit based on conjecture alone to "encourag[e] informal resolution of disputes and avoid[] premature lawsuits"). We therefore conclude that Haynes raised a triable issue of material fact whether the ninety-day extension applies to his claim.

Turning to the merits, the district court also erred in granting summary judgment against Haynes's age discrimination claim. In analyzing age discrimination claims under FEHA, California courts apply the three-stage burden-shifting approach established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–05 (1973).

We agree with the district court that Haynes adequately established three elements of a prima facie case of age discrimination. *See Schechner v. KPIX-TV*, 686 F.3d 1018, 1023 (9th Cir. 2012); *Guz v. Bechtel Nat'l, Inc.*, 24 Cal. 4th 317, 355 (2000). The district court erred, however, in finding that Haynes did not satisfy the fourth element—that Haynes was terminated under circumstances suggesting a discriminatory motive. Gauging this element "with some flexibility," *Nidds*, 113 F.3d at 917, and viewing the facts in the light most favorable to Haynes, we conclude that Haynes established a prima facie case of age discrimination. At least three pieces of evidence support this conclusion.

First, Haynes was one of *ten* assistant managers over forty who were fired during the four years that Grooms served as the district manager.[3] *See Santillan v. USA Waste of California, Inc.*, 853 F.3d 1035, 1044–45 (9th Cir. 2017) (holding

[3] According to declarations filed by Michael Ingrande, Lex Housh, Patrick Ayer, and William Tabor, those assistant managers, besides Haynes, were Ingrande, Don Macaskill, Richard Rogers, Phillip Rile, Housh, Scott Kelly, Ayer, Dave Diaz, and Tabor. The record does not provide the ages of the seven remaining assistant managers who were also terminated.

that plaintiff made a prima facie case, in part, by testifying that he was one of five older Spanish-speaking employees who were fired or suspended once a new manager was assigned); *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1281 (9th Cir. 2000).

Second, Janet Wheeler, a former store manager who submitted a declaration on Haynes's behalf, stated that at every store manager meeting between 2009 and 2014, Grooms made "very blunt statements" ordering store managers to target and terminate the "older/higher paid employees." Some of those statements targeted Haynes specifically, such as "Carl and Lex[4] are making too much money for what we get out of them." Wheeler explained that once a long-term assistant manager was terminated, the district managers at the next store manager meeting would ask "who is left that is long term and is making too much money."[5] Even though

---

[4] Lex Housh was an assistant manager over forty terminated in February 2012.

[5] To be sure, under federal law, statements alluding to years of service and salary would not automatically raise an inference of discrimination. *See Hazen Paper Co. v. Biggins*, 507 U.S. 604, 611 (1993) (holding that age and years of service, pension status, or seniority are "analytically distinct" and an employer may rely on one while ignoring the other); *Marks v. Loral Corp.*, 66 Cal. Rptr. 2d 46, 48 (Ct. App. 1997) (adopting *Hazen*). After *Hazen*, however, the California legislature enacted Cal. Gov't Code § 12941, which "declares that *Marks* 'does not affect existing law' governing state age discrimination claims, and states that the Legislature's 'intent that the use of salary as the basis for differentiating between employees when terminating employment may be found to constitute age discrimination if use of that criterion adversely impacts older workers *as a group*.'" *Guz*, 24 Cal. 4th at 369 n.29 (citing then Cal. Gov't Code § 12941.1) (emphasis in original).

7

Wheeler supported Haynes at these meetings and praised him as a "hard worker" and "great performer," Haynes would still "receive a poor review because the district manager had his mind made up to get rid of him."

Third, the timing of Haynes's termination allows a reasonable trier of fact to find he was terminated on the basis of his age. During his twenty-six years of employment as an assistant manager, Haynes did not appear to have serious performance issues until Grooms took over as the district manager and began to pressure store managers to issue disciplinary notices to the "longer term" employees who were being paid "too much money for what we get out of them." And within three months of Grooms taking over, Collins began issuing disciplinary notices against Haynes. Despite these negative reviews, Haynes received a positive evaluation of his 2011 performance, in addition to a raise and a bonus.

In sum, Haynes has shown that he was performing satisfactorily and discharged under circumstances giving rise to an inference of age discrimination. He therefore "cleared the prima facie case barrier and established a presumption that the employer unlawfully discriminated against the employee." *Nidds*, 113 F.3d at 917 (internal marks and citation omitted).

To rebut this presumption, Home Depot need only provide legitimate, nondiscriminatory reasons for terminating Haynes. *Guz*, 24 Cal. 4th at 354. Home Depot met its burden by offering evidence that it terminated Haynes for his

inadequate performance, the frustration he caused management, and his contrarian position to Home Depot policy and directives. Thus, the burden shifts to Haynes to provide "substantial" evidence that Home Depot's articulated reason was a pretext for discrimination.

To satisfy this burden and survive summary judgment, Haynes must produce enough evidence "to allow a jury to conclude that age was a 'substantial motivating factor' in his termination." *Merrick v. Hilton Worldwide, Inc.*, 867 F.3d 1139, 1147 (9th Cir. 2017) (citing *Harris v. City of Santa Monica*, 56 Cal. 4th 203, 232 (2013)); *see also Nidds*, 113 F.3d at 918. This requirement ensures that "liability will not be imposed based on evidence of mere thoughts or passing statements unrelated to the disputed employment decision." *Harris*, 56 Cal. 4th at 232. In showing that the reasons provided by Home Depot were pretextual, Haynes can offer additional evidence or rely on the same evidence he used to establish a prima facie case. *See Coleman*, 232 F.3d at 1282 (citing *Wallis v. J.R. Simplot Co.*, 26 F.3d 885, 892 (9th Cir. 1994)).

Viewed in context, the evidence Haynes offered at the prima facie stage would allow a reasonable factfinder to conclude that the alleged reason for Haynes's discharge was false or that the true reason was discriminatory. *See Nidds*, 113 F.3d at 918. The record shows that Grooms systematically instructed the store managers at each manager meeting to target "older" employees, including

Haynes, for making too much money, regardless of the value they brought to Home Depot. A reasonable factfinder could also conclude that Grooms's instructions were heeded when at least ten assistant managers over forty were terminated in the four years Grooms served as the district manager. Lastly, a reasonable factfinder could conclude that Home Depot selectively enforced its rules and issued disciplinary notices against Haynes as a part of Grooms's mission to fire older employees. Cumulatively, a reasonable factfinder could conclude that remarks about Haynes's age were not mere "thoughts" or "passing statements," but rather a "substantial motivating factor" in his discharge. *See Harris*, 56 Cal. 4th at 232. We thus conclude that Haynes has raised a genuine factual dispute whether Home Depot's reasons for terminating him were pretextual.

3. *Derivative and Remaining Claims.* The district court dismissed Haynes's sixth and tenth claims for "wrongful termination" and "wrongful termination (public policy violation)," respectively, because they were based on the same allegations underlying his dismissed FEHA and breach of contract claims. Because we reverse the district court's grant of summary judgment on Haynes's FEHA claim, we reverse the dismissal of Haynes's wrongful termination claims and remand to the district court for further proceedings.

Lastly, for the same reasons provided by the district court, we agree that summary judgment was proper as to Haynes's claims for breach of contract, breach

10

of covenant of good faith and fair dealing, and intentional and negligent infliction of emotional distress. *See* Order Re Defendant's Motion for Summary Judgment (Dkt. 45), *Haynes v. Home Depot USA, Inc.*, No. 15-cv-1038-CAB-JLB, at *7–10, 23 (S.D. Cal. May 6, 2016).

Appeal No. 16-55922.

The district court imposed sanctions under its inherent authority against the Mirch Law Firm for "intentionally misleading the [district court] with the Wheeler Declaration, frivolously opposing summary judgment on the retaliation, discrimination, and contract claims in the Murph and Haynes lawsuits, and filing frivolous evidentiary objections." The Mirch Law Firm seeks reversal because (1) it did not undertake any of these actions in bad faith, and, alternatively, (2) its due process rights were violated when the district court held a hearing without the presence of Erin Hanson, the attorney who attached the Wheeler declaration as an exhibit to Haynes's and Murph's oppositions to Home Depot's motions for summary judgment.[6]

Reviewing for abuse of discretion, *Chambers v. NASCO*, 501 U.S. 32, 55 (1991), we reverse and remand. We disagree with the district court that the Mirch

---

[6] The Mirch Law Firm also seeks reversal because it claims it was not on notice that the court was considering whether to impose sanctions under its inherent authority rather than under Rule 11. Because we reverse and remand on alternative grounds, we need not consider whether notice existed under this court's holding in *In re DeVille*, 361 F.3d 539, 549 (9th Cir. 2004).

11

Law Firm's filings opposing summary judgment and its evidentiary objections were so frivolous as to constitute bad faith and warrant sanctions under the court's inherent authority.

We recognize, however, that the district court could impose sanctions on the Mirch Law Firm for attaching the Wheeler declaration to some of its filings. The Mirch Law Firm learned that Wheeler had recanted the word "falsely" from her declaration during a deposition but inexplicably chose to file declarations containing the same language in its oppositions to Home Depot's motions for summary judgment. The district court, however, should have given Erin Hanson, who filed the declaration but was on maternity leave when the court rendered its sanctions order, an opportunity to be heard before doing so to determine whether she or other members of her firm acted in bad faith.

Because some of the conduct may or may not warrant sanctions while some does not, we remand to the district court to reconsider its sanctions order with regard to only the Wheeler declaration. On remand, the district court should provide Ms. Hanson with an opportunity to be heard.

In Appeal No. 16-55698, we **AFFIRM** in part, **REVERSE** in part, and **REMAND** for further proceedings. The parties shall bear their own costs on appeal.

In Appeal No. 16-55922, we **REVERSE** in part, **VACATE** in part, and

12

**REMAND** for further proceedings.  The parties shall bear their own costs on appeal.